[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff, Ann M. Cutting, age 46, whose maiden name was Ann M. Coursen, and the defendant, Robert D. Cutting, age 42, were married at Brookfield, Connecticut on April 7, 1975. This is the second marriage for the plaintiff and the first for the defendant. There is one minor child issue of the marriage, Roy D. Cutting, born October 5, 1975. The plaintiff has two emancipated daughters by a prior marriage now age twenty-one and twenty-five.
The parties have agreed to joint custody of the minor child with physical custody to the defendant father. The plaintiff is awarded reasonable, flexible and liberal visitation with the child. In view of his age, the defendant's request for forty-eight hours advance notice -is denied, although the child should notify his father of any contemplated visitation.
The plaintiff shows a gross income of $558.14 per week with a net of $414.76 while the defendant shows a gross weekly income of $325.00 with a net of $254.00. He also has rental income of $85.00 per week. The court finds that the plaintiff should contribute child support in a weekly amount of $100.00. In addition the plaintiff and defendant are ordered to carry medical insurance as available through their employment for the benefit of the child and to pay one half of any unreimbursed medical, dental, optical, orthodonture, psychiatric and prescriptive expenses for the minor child. This order regarding medical insurance is subject to the provisions of general statute46b-84 (c). In the event life insurance is available through employment, the plaintiff and defendant shall name the minor child beneficiary until he is emancipated.
It is apparent that the marriage has broken down irretrievably. The plaintiff claims that the defendant showed a lack of respect for her, had a bad temper, was verbally abusive and allowed finances to get out of hand. In addition there developed serious religious differences between the parties. The defendant claims that the breakdown was caused by arguments over finances and his wife's attention to a neighbor. From the evidence, the court finds that neither party is blameless but that a greater degree of fault rests with the defendant.
The major financial issue between the parties is the disposition of the real estate located at 22 Church Street, New Preston. This house was CT Page 8421 purchased in 1975 for $40,000.00 with a $7,000.00 down payment being made by the plaintiff. The house has been on the market for over a year at a sales price of $179,900.00. The plaintiff having expended approximately $3,000.00 to improve its condition for sale. The plaintiff desires that the property be sold whereas the defendant wants to remain in the home until October 1995 so that the child, a special education student would not have to change schools. There is no evidence that other living arrangements could not be made in the school distinct and therefore, it is the opinion of the court that the property continue to be listed for sale.
The defendant has considerable debts from his former business including payroll taxes of $21,341.00 and Connecticut sales taxes of $4,079.00. Likewise he has other business debts as shown on his financial affidavit. There is due real estate taxes in the approximate amount of $5,000.00.
In February 1987 the parties took out a home equity loan in the amount of $45,000.00. There is presently a balance of $7,342.99. The remainder was used as follows:
Plaintiff's Share:
 First National Bank of Litchfield (1/2) $ 2,030.03 Valley Dodge (car for wife) 7,928.50 Town of Washington property taxes (1/2) 600.00 Douglas Green, C.P.A. (1/2) 225.00 Bike Express (bike for wife) 589.63 Nationwide Insurance for House (1/2) 230.50 Collective Bills for House (1/2) 550.00 I.R.S. (1/2) 681.50 Total $12,835.15
Defendant's Share:
 First National Bank of Litchfield (1/2) $ 2,030.03 First National Bank of Litchfield (business) 11, 249.48 Litchfield Auto Parts (business) 4,000.00 Town of Washington property taxes (1/2) 600.00 Chem. Credit Service (business) 1,000.00 Apple Computer Inc. (business) 900.00 Sears (business 600.00 G.M.A.C. Financing (business) 1,755.35 Doug Green, C.P.A. (1/2) 225.00 I. R. S. (1/2) 681.50 Nationwide Insurance (house) (1/2) 230.50 Collective Bills for House (1/2) 550.00 Fleet Maintenance System (business) 1,000.00 Total $24,821.86
Regarding the real estate, the following orders shall enter: CT Page 8422
1. The defendant shall continue to occupy the marital residence and shall be responsible for the payments on the first mortgage, second mortgage, taxes, insurance and all maintenance and upkeep until said residence is sold.
2. The property shall continue to be listed for sale with Barksdale Realty, or another broker chosen by agreement of the parties. The defendant shall keep the premises clean and in showable condition. He shall clean and straighten the garage and shop areas within two weeks of the final hearing.
3. Upon the sale of the marital residence the proceeds shall be divided as follows:
 (a) After payment of the first mortgage and usual closing costs and adjustments, the wife shall receive the sum of $7,000.00, representing her initial down payment on the property and the sum of $3,000.00 representing repairs she made to the property to put it in saleable condition. The proceeds will be divided equally between the parties and the $45,000.00 home equity line paid as follows:
 Plaintiff's share $ 12,835.15 Defendant's share 24,821.86 Unspent (Balance of loan) 7,342.99 Total payoff of home equity $ 45,000.00
4. The husband shall retain all assets of his various auto mechanic businesses and his ministries, known as Cutting Specialities or the Car Doctor, including trucks, tools, office equipment, tractor, computer xerox machine, compressors, video equipment, inventory, etcetera.
5. The husband shall be responsible for and hold the wife harmless from all debts and liabilities associated with such businesses and ministries, including, but not limited to the mortgage which he gave to Litchfield Auto Parts, and all taxes associated with said businesses, including income taxes, employment taxes and sales taxes.
6. Alimony in the amount of $1.00 per year is awarded to the plaintiff, modifiable only as necessary to indemnify the plaintiff on the financial expenses assumed by the defendant.
7. The plaintiff shall take from the marital residence her remaining personal property within the next thirty days, including the microwave oven with cart, gas grill, personal furnishings she brought into the marriage.
Judgment may enter dissolving the marriage on the grounds of irretrievable breakdown.
PICKETT, J. CT Page 8423